**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| LATHAM POOL PRODUCTS, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 1:25-cv-1398 |
| POOLS PREMIUM LLC, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

Plaintiff Latham Pool Products, Inc. ("Latham"), by and through its attorneys, states as follows for its Complaint against Defendant Pools Premium LLC ("Pools Premium"):

## NATURE OF THE CASE

1.      For nearly 70 years, Latham has set the standard for excellence and innovation in the swimming pool industry. As the largest designer, manufacturer, and marketer of in-ground residential pools and spas across North America, Latham has earned its reputation through investments in research, groundbreaking design, and steadfast commitment to quality that is recognized and respected throughout the industry. Latham's leadership is reflected in its portfolio of innovative pool designs and spas, advanced fiberglass surfaces, and carefully crafted marketing materials, all of which showcase the company's ingenuity, creativity, and the trust it has built with distributors and homeowners alike. It is this legacy of design innovation and industry leadership that sets Latham apart as a premier name in residential pools.

2.      Latham's success has not gone unnoticed by imitator Pools Premium. In a flagrant attempt to capitalize on Latham's status as a premier innovator in pool design and quality, Pools Premium has willfully disregarded Latham's rights and orchestrated a brazen campaign of

1

deliberate copying, seeking to benefit from the trust and recognition that Latham has cultivated over decades. To be clear, Pools Premium willfully (a) copied Latham's award-winning pool designs and advanced fiberglass surfaces, (b) offered them to consumers under identical or very similar product names, (c) distributed Latham's marketing materials and installation guides as if they were actually Pools Premium's, and (d) falsely presented images of Latham's installed pools as its own. All of this was a blatant and calculated effort to mislead the public into believing that Pools Premium's copycat pools and surfaces are unique, innovative, and equivalent to pools manufactured by Latham.

3.      This is by no means a case of accidental overlap or isolated infringement. Latham put Pools Premium on express written notice of its unlawful conduct, demanding that it cease and desist from infringing Latham's intellectual property and otherwise engaging in unfair competition. Yet, Pools Premium not only continued its theft, it doubled down, expanding the scope and scale of its misappropriation even after receiving explicit warnings and detailed evidence of its wrongdoing. Pools Premium's egregious conduct is designed to ride the coattails of Latham's reputation, deceive consumers, and unjustly enrich Pools Premium at Latham's expense.

4.      Pools Premium's actions represent the desperate and unlawful conduct of a business that has decided to rig the game rather than play by the rules; they strike at the very heart of fair competition and intellectual property protection. Pools Premium's campaign of copying and deception constitutes false advertising, unfair competition, and significant copyright and patent infringement under federal law, as well as unfair competition and unjust enrichment under Texas state law. Accordingly, Latham brings this action seeking, among other remedies, injunctive relief against Pools Premium's willful, malicious, and ongoing campaign of

2

infringement and false and misleading advertising, and monetary remedies to recover the profits that rightfully belong to Latham.

## PARTIES

5.      Plaintiff Latham Pool Products, Inc. is a corporation organized under the laws of Delaware with its principal office located at 787 Watervliet-Shaker Road, Latham, New York, 12110.

6.      On information and belief, Pools Premium is a Texas company with its principal office located at 6800 Park Ten Boulevard, Suite, 217N San Antonio, Texas, 78212-4215.

## JURISDICTION AND VENUE

7.      This action arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); the Patent Act, 35 U.S.C. § 100 *et seq.*; the Copyright Act, 17 U.S.C. § 101 *et seq.*; and the related laws of the State of Texas.

8.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b), 1367(a), and under principles of supplemental jurisdiction insofar as these claims are so related to the federal claims in the action that they form part of the same case or controversy.

9.      This Court has personal jurisdiction over Pools Premium because, upon information and belief, Pools Premium resides in Texas, has its principal place of business within Texas at 6800 Park Ten Boulevard, Suite, 217N San Antonio, Texas, 78212-4215, has committed and continues to commit acts of infringement in this District, and places infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in this District, regularly solicits and conducts business in this District and engages in other persistent courses of conduct in this District, as well as disseminates advertising that is false and is likely to confuse consumers within Texas.

10.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1), (b)(2), and

(c)(2) and 1400(b) at least because Pools Premium maintains a regular and established place of business in this District and a substantial part of the events giving rise to the claims asserted in this Complaint occurred within this District, including making, using, advertising, offering to sell, selling, and/or importing products that infringe the patent asserted in this litigation.

## BACKGROUND

### A.      *Latham Pool Products: "The Pool Company"*

11.      For nearly seven decades, Latham has stood at the forefront of the swimming pool industry, earning a reputation as North America's largest designer, manufacturer, and marketer of in-ground residential swimming pools. Founded in 1956 as a family-owned business, Latham's trajectory has been defined by relentless innovation, uncompromising quality, and a dedication to customer satisfaction that has set it apart from its competitors. Today, Latham's pools, employing an inventive style that redefines modern aquatic architecture, grace backyards across North America (~15% of all pools), Australia, and New Zealand, with over 500,000 installations—each one a testament to the company's mastery of design and manufacturing excellence. Every day, families in these areas enjoy the Latham pool experience. And each year, thousands more join them.

12.      To support this substantial business, Latham has developed an expansive network of more than 30 manufacturing and/or distribution facilities strategically situated throughout North America, including key centers in Texas, Oklahoma, Florida, New York, California, North Carolina, Tennessee, Louisiana, Indiana, and West Virginia, which enable Latham to maintain a broad, consistent, reliable presence across the United States.

13.      Notably, Latham has proudly operated its dedicated distribution center for its pools in Odessa, Texas since 2005, emphasizing Latham's long-standing commitment to American manufacturing and to serving customers in the heart of Texas.

4

14.     Latham's commitment to quality and innovation has also earned it significant recognition within the industry; in a 2019 Pool and Spa News survey, Latham was selected by industry professionals as the highest quality and most-used brand.

15.     Latham has also garnered countless awards and prestigious industry recognition for its distinctive and groundbreaking pool designs, including ICC-ES Certification of its products (one of the only pool manufacturers to receive such certification), and "Most Innovative Product for Retailers" at the 2024 International Pool Spa Patio Expo (IPSPE)—demonstrating its commitment to technical excellence and industry standards. *See* **Exhibit A**.

16.     Latham's portfolio of product offerings features an extraordinary selection of signature pools to suit every aesthetic, style, and budget, including ultra-strong fiberglass pools in more than 60 designs, customizable vinyl-liner pools that let homeowners customize their pool, and a variety of luxury spa options and safety covers. Latham's advanced composite construction and exclusive Crystite® finishes offer distributors and homeowners not only beauty but also lasting durability and minimal maintenance.

17.     Latham's pioneering approach to pool aesthetics is especially evident from its fiberglass pools, hand-crafted in Latham's state-of-the-art manufacturing facilities. These pools are created from millions of interwoven glass threads covered with a polyester resin, which yields an incredibly durable material that is ideal for an in-ground swimming pool. Latham's Advanced Composite Technology resists fading, stains and scratches, while Latham's proprietary Crystite® Gel Coat provides both beauty and durability.

18.     Latham's marketing and customer engagement strategies and tools are equally sophisticated: its interactive website—featuring myriad diagrams, photographs, renderings, and visualizations—complements extensive brochures, and visually rich advertising campaigns to

guide homeowners through the pool-planning journey. Indeed, Latham has made its proprietary Augmented Reality Pool Visualizer app a centerpiece of its digital strategy. This innovative mobile app allows homeowners to use augmented reality to visualize how different fiberglass pool models will look in their own backyard in real time, experiment with customizable features such as colors, finishes, tanning ledges, and resort-quality spas, and access integrated educational resources and budget calculators to make informed decisions. The app also enables users to save their custom pool designs and connect directly with local Latham dealers, streamlining the transition from inspiration to installation. This commitment to product excellence, digital innovation, and customer experience has solidified Latham's reputation as "The Pool Company"—a trusted partner for families and builders alike across the globe.

19.     For years, Latham has continuously engaged in the design, development, manufacture, promotion, and sale of its state-of-the-art pools. Latham has invested substantial resources into the research, design, and development of these products. Latham's research, design, and development have led to many innovative and distinctive product designs, including certain of the popular Latham designs at issue in this lawsuit such as the Laguna Deluxe and the Valencia, shown below.

*Laguna Deluxe*



*See* **Exhibit B**.

*Valencia*



*See* **Exhibit C**.

20.    Latham has enjoyed significant sales of its unmatched pools, spas, and pool accessories throughout the United States, including sales to distributors in the State of Texas. Reflecting its position as the leading designer and manufacturer of in-ground residential pools in North America, Latham achieved net sales of $318 million in 2019, $403.4 million in 2020, $630.5 million in 2021, $695.7 million in 2022, $566.6 million in 2023, $508.5 million in 2024, and $284.1 million through the first six months of 2025. These figures underscore Latham's sustained commercial success and the widespread demand for its innovative, high-quality products across key markets nationwide.

21.    The unique design and features of Latham's pools have received widespread public attention, including numerous articles. **Exhibit D**.

22.    Latham has also spent substantial time, money, and effort in developing and promoting its brand and its exceptional pools in a variety of media, including on the Internet (https://www.lathampool.com/) and social media (Facebook (https://www.facebook.com/LathamPool), YouTube (https://www.youtube.com/channel/UC4wCXZbE1kGCLuEj2rEySVQ), Instagram (https://www.instagram.com/lathampool/), Pinterest (https://www.pinterest.com/lathampool/), and LinkedIn (https://www.linkedin.com/company/latham-pool/)). On these platforms, Latham

has established a robust digital presence, representing its broad reach and the significant consumer engagement it has cultivated through sustained and strategic marketing efforts across multiple channels. Latham's strategic marketing efforts are a direct result of its marketing and advertising expenditures, including $3.8 million in 2019, $5.9 million in 2020, $7.6 million in 2021, $9.8 million in 2022, $9.2 million in 2023, and $8.5 million in 2024.

23.    Latham also advertises and promotes its innovative pools at investor conferences (i.e., the Stifel 2025 Cross Sector Insight Conference, the Baird 2025 Global Consumer, Technology & Services Conference, William Blair's 45th Annual Growth Stock Conference, Wolfe Research May Small Group/1x1 Conference, and Craig-Hallum's 22nd Annual Institutional Investor Conference) and tradeshows, including the Pool & Spa Show 2025 and the 2025 UAG Annual Conference, to name a few:



24.    By virtue of its continuous and extensive sales efforts—paired with robust, pioneering marketing that breaks from the pool industry's traditional business-to-business approach—Latham is widely and favorably known by both the public and the industry for its

unrivaled pools.

25.     Latham's consumer-centric strategy leverages content-rich digital platforms featuring interactive tools such as budget calculators, alongside a dedicated consumer hotline that aids homeowners in matching with a Latham distributor. This digital strategy is deliberately crafted to generate demand from homeowners, while simultaneously supporting distributors with business development tools and resources. Through sustained investment in innovative marketing, direct-to-homeowner digital outreach, and extensive engagement across social and traditional channels, Latham has built a highly recognizable and trusted presence in the marketplace—reinforcing its reputation for quality, leadership, and customer focus in the pool industry.

26.     Latham's enduring success is rooted in its unwavering commitment to creative innovation, visionary design, and industry leadership that has set the benchmark for excellence in the swimming pool sector. For nearly seventy years, Latham has invested millions of dollars and countless hours in research, development, and the continuous refinement of its pool models and fiberglass surfaces—pioneering new shapes, finishes, and features that have elevated the standards of residential pool design throughout North America. This sustained focus on innovative design and superior craftsmanship has not only made Latham a recognized and trusted name in the industry but has also resulted in a portfolio of intellectual property. Latham's pool designs, advanced fiberglass surfaces, distinctive marketing materials, and creative illustrations collectively reflect decades of ingenuity and innovation.

27.     As part of Latham's intellectual property portfolio, Latham owns U.S. Design Patent No. D1,044,036 ("'D036 Patent" also referred to herein as the "Asserted Patent").

28.     The 'D036 Patent was filed with the United States Patent and Trademark Office

("USPTO") on February 12, 2020, and is entitled a "Surface Portion of a Pool or Spa." The

'D036 Patent was duly and legally issued by the USPTO on September 24, 2024. A true and

correct copy of the 'D036 Patent is attached to this Complaint as **Exhibit E**. The sole figure from

the 'D036 Patent is shown below:



29.     Latham is the owner of all right, title, and interest in the 'D036 Patent, including

the right to sue, enforce, and recover damages for all infringements.

30.     The 'D036 Patent has not expired and is in full force and effect.

31.     Pursuant to 35 U.S.C. § 282, the 'D036 Patent and its claim are valid and

enforceable.

32.     The Asserted Patent covers a unique ornamental appearance of a surface of

Latham's pools and spas, including a fiberglass pool and spa surface marketed as Latham's

"Ocean Blue" Crystite Crystal. Latham's patent portfolio also includes additional pending

patents for other pool surfaces, reflecting Latham's ongoing commitment to innovation and

development of cutting edge product offerings.

33.     Latham's creative output extends far beyond its product offerings themselves.

Latham's marketing and advertising materials—including detailed diagrams, technical drawings,

high-resolution images and photographs, renderings, and installation guides—are not only useful sales tools but also are (and are comprised of) original copyrightable works. These visual works are meticulously crafted to showcase the beauty, innovation, and technical superiority of Latham's pools, and are central to Latham's brand identity and market position. Latham's proprietary marketing collateral, including its 2025 digital grand brochure, 2023 product catalog, and its interactive website, are distinguished by their creativity and effectiveness, helping distributors and homeowners visualize and select the perfect pool while reinforcing Latham's reputation for excellence.

34.    Latham is the exclusive, registered owner of all right, title, and interest in and to the copyrights in its relevant marketing and advertising materials.

## B.    *Defendant Pools Premium LLC*

### 1)    *Latham Sought Defendant's Voluntary Compliance*

35.    In late 2023, Latham learned that Pools Premium was offering an array of pool designs that appeared to be *identical* to at least six of Latham's distinctive pools (including historical designs as well as more recent offerings). Upon reviewing Pools Premium's website, Latham discovered that Pools Premium was also replicating copyrighted illustrations of Latham's pool designs. As shown below, the images Pools Premium used in its sales and marketing efforts are indistinguishable from Latham's originals—matching exactly in angle, texture, shadow, gradient, and even light reflection.



| Latham's Pool Illustrations<br>**Exhibit F** at 2, 6, 11, 15, 20, and 25 | Pools Premium<br>**Exhibit G** at 3 |
|---|---|
| Laguna Deluxe | **EMPIRE** |
| Aruba | **BAIA** |
| Laguna | **MALDIVAS SUNSET** |
| Gulf Shore | **MONACO** |



| Latham's Pool Illustrations<br>**Exhibit F** at 2, 6, 11, 15, 20, and 25 | Pools Premium<br>**Exhibit G** at 3 |
|---|---|

True and correct copies of Latham's Pool Illustrations are attached as **Exhibit F**. True and correct copies of Pools Premium's images in the table above are attached as **Exhibit G**.

36.     In addition to using *identical* copies of illustrations of Latham pools created specifically for Latham (in which Latham owns the copyright), as shown in the image on the right directly below, Pools Premium was also marketing its products on its website using Latham's federally registered CRYSTITE trademark (U.S. Registration No. 2648095) in conjunction with a cross-sectional design image lifted directly from Latham's marketing material (image directly below on the left), and for which Latham owns a registered copyright.



| Latham (Exhibit EE at 2) | Pools Premium (Exhibit H at 10) |

A true and correct copy of Latham's image in the above table is attached as **Exhibit EE**. A true and correct copy of an April 10, 2022 Wayback Machine capture of Pools Premium's website (https://poolspremium.com/) is attached as **Exhibit H**.

37.     Pools Premium's use of Latham's CRYSTITE mark further underscores that Pools Premium's copying is intentional and willful, and that the model was created to mimic Latham's innovative designs. To be clear, it was expressly false for Pools Premium to claim it offers "Exclusive Crystite®" when Crystite is only "exclusive" to Latham, as reflected by Latham's incontestable federally registered trademark, U.S. Reg. No. 2648095 for CRYSTITE.

38.     On September 26, 2023, Latham sent a letter to Pools Premium addressing its blatant infringement of Latham's intellectual property. A true and correct copy of the September 26, 2023 letter is attached as **Exhibit I**.

39.     In that letter, Latham raised its significant concerns about Pools Premium's copying of Latham's pool designs and copyrighted images of those pools. Additionally, Latham took issue with the illustration (shown in paragraph 36 above) in which Pools Premium used Latham's CRYSTITE trademark with a product cross-sectional image that looked virtually identical to the one used by Latham in its marketing materials.

40.     Latham further asserted that one or more of Pools Premium's fiberglass

surfaces—specifically, Ocean Blue, Midnight Blue, Pearl White, and Granite Gray—appear to be substantially the same as one or more of Latham's issued and pending U.S. design patents on its proprietary fiberglass surfaces.

41.    Pools Premium never responded to Latham's September 26, 2023 letter, nor did it cease its infringement. Pools Premium apparently made some superficial and immaterial changes to its marketing images in a transparent attempt to evade accountability, but these changes are not enough to make the designs non-infringing and merely serve as an implicit admission that the prior use was infringing as well. *See infra* Section B.4 at ¶¶ 69, 71.

### 2)    *Pools Premium's False Advertising*

42.    Despite Latham's September 26, 2023 letter, Pools Premium charged forward with its copycat offerings going so far as to depict images on its website and marketing materials of *Latham's installed pools* ("Installed Pools Images") as its own pools, including through the examples included below ("Installed Pools Image Copying").

### *Latham's Bermuda Pool Design (Exhibit J at 3)*



A true and correct copy of https://www.lathampool.com/products/bermuda/ is attached as **Exhibit J**.

*Pools Premium's "Maldivas Sunset" (Exhibit K at 3)*



A true and correct copy of https://poolspremium.com/fiberglass-pools/#maldivas-sunset is

attached as **Exhibit K**.

*Latham's Corinthian (Exhibit L at 2-3)*



A true and correct copy of https://www.lathampool.com/pools/ is attached as **Exhibit L**.

*Pools Premium's "Punta Cana" (Exhibit M at 3)*



A true and correct copy of https://poolspremium.com/gallery-catalog/ is attached as **Exhibit M**.

43.    Pools Premium also displayed on its website and marketing materials essentially verbatim copies of certain "top-down" pool images taken directly from Latham's own brochures and website ("Top-Down Image Copying").

| **Latham's Top-Down Images** Exhibit **N** at 2, 6, 10, 15, and 17 and **W** at 13 and 20-22 | **Pools Premium (2025)** |
|---|---|
| **LAGUNA DELUXE** | **EMPIRE** Size: 14' x 30'\| Depth: 4' to 6' **Exhibit O** at 3 |



| Latham's Top-Down Images<br>**Exhibit N** at 2, 6, 10, 15, and 17 and **W** at 13 and 20-22 | Pools Premium (2025) |
|---|---|
| **LAGUNA** | **MALDIVAS SUNSET**<br>Size: 12' x26' \| Depth: 3'6" to 5'6"<br>**Exhibit O** at 3 |
| **VALENCIA** | **BORACAY**<br>Size: 14' x 28'\| Depth: 3'7" to 5'10"<br>**Exhibit O** at 3 |
| **SHASTA** | **CAPRI**<br>Size: 7' x 7'\| Depth: 3'<br>**Exhibit O** at 3 |
| **OLYMPIA 12** | **PIA**<br>Size: 12' x 26'\| Depth: 3'6" a 5'6"<br>**Exhibit O** at 4 |



| Latham's Top-Down Images<br>Exhibit **N** at 2, 6, 10, 15, and 17 and **W** at 13 and 20-22 | Pools Premium (2025) |
|---|---|
|  | SANIBEL ISLAND 12<br>Size: 12' x 26'\| Depth: 3'6" a 5'6"<br>**Exhibit O** at 19 |
| **OLYMPIA 12** | PIA 2<br>Size: 14' x 30'\| Depth: 3'6" a 6'<br>**Exhibit O** at 4<br><br>SANIBEL ISLAND 14<br>Size: 14' x 30'\| Depth: 3'6" a 6'<br>**Exhibit O** at 20 |

True and correct copies of Latham's Pool Top-Down Images and Pools Premium's infringing images are attached as **Exhibit N** and **O**, respectively. Latham's Pool Top-Down Images also appear in **Exhibit W**.

44.    In addition, and somewhat incredibly, Pools Premium centers its advertising of its various fiberglass color offerings on *images taken directly from Latham's marketing materials*, as shown below. These include images from the "Latham Grand 2020: Fiberglass Pools Design

Guide" that depict the appearance of a particular fiberglass offering directly and as it appears underwater. These appropriations are not isolated; for multiple colors—such as PEARL WHITE, SAPPHIRE BLUE, and OCEAN BLUE—Pools Premium has not only replicated distinctive parts of Latham's marketing images but has also adopted the exact color names used by Latham, as shown below. Pools Premium's use of Latham's fiberglass marketing images and color names ("Fiberglass Image Copying") further supports Pools Premium's deliberate copying and underscores the extent to which Pools Premium seeks to trade on the goodwill and market recognition built by Latham.



| Latham's Fiberglass Images (Exhibit P at 33-34) | Pools Premium's Marketing (Exhibit U at 10) |
|---|---|
|  |  |
|  |  |

A true and correct copy of the "Latham Grand 2020: Fiberglass Pools Design Guide" is attached as **Exhibit P**. A true and correct copy of Pools Premium's brochure is attached as **Exhibit U**.

45.     Through the Installed Pools Image Copying, Top-Down Image Copying, and Fiberglass Image Copying, and the subsequent use of the copied images in its own marketing materials, Pools Premium unlawfully conveys the expressly false claim that Latham's marketing images of its pools and fiberglass colors are Pools Premium's (Latham's "Image Claims").[1]

46.     Pools Premium did not stop there. Despite relying entirely on Latham's own

---

[1] Latham reserves all rights as to the Installed Pools Images, the Top-Down Images, and the Fiberglass Images, including the right to seek copyright registration for these images and, if and as appropriate, to assert such registrations in this litigation or in any subsequent despite with any party(ies).

ingenuity, design, marketing, and intellectual property, Pools Premium unabashedly continues to represent itself as an innovator and leader in the design and manufacture of fiberglass pools, boldly claiming that its products are "***synonymous with high-end craftmanship, advanced technology, and attention to detail***." *See* **Exhibit Q**.[2] Across its website, brochures, and marketing campaigns, Pools Premium inundates potential distributors and homeowners with lofty assertions of its "***reputation through the art of design, quality craftsmanship***," and proclaims that its pool designs are "a harmonious fusion of nature and luxury." *See* **Exhibit R**.[3] Pools Premium further asserts in its advertising that it sets "the gold standard in quality, design, and customer satisfaction," and that its pools are "***crafted with precision and engineered for excellence, combining advanced materials and innovative techniques to create a product that is durable, low-maintenance, and visually stunning***." *See* **Exhibits S-T**.[4]

47.     Pools Premium's marketing materials continue this theme, promising consumers that it "***create[s] high-quality, durable, and beautifully designed fiberglass pools that bring lasting joy and relaxation to families***," and that "***every pool is crafted to exceed expectations, offering durability, style, and low-maintenance performance***." *See* **Exhibits R-S**. These claims are topped off by statements that Pools Premium's pools are "***[b]uilt to enhance your lifestyle, each pool reflects our commitment to superior quality and design***." *See* **Exhibit T**. Pools Premium further rounds out its marketing campaign by declaring that it is "***dedicated to innovation, integrating advanced materials and manufacturing to deliver pools that set industry standards for beauty, durability, and maintenance***," and is "***committed to innovation,***

---

[2] A true and correct copy of https://poolspremium.com/4-reasons-why-distributors-are-opting-for-diamond-finish-fiberglass-pools/ is attached as **Exhibit Q**.
[3] A true and correct copy of https://poolspremium.com/about-us/ is attached as **Exhibit R**.
[4] A true and correct copy of https://poolspremium.com/ is attached as **Exhibit S**. A true and correct copy of https://poolspremium.com/technology-engineering/ is attached as **Exhibit T**.

*craftsmanship, and sustainability, ensuring that every pool we manufacture exceeds industry standards for strength, efficiency, and aesthetics*." *See* **Exhibits R** and **T**.

48.    In fact, Pools Premium's business model is built on the systematic and unlawful appropriation of Latham's distinctive pool designs, patented surfaces, and creative marketing materials. Pools Premium's website and materials prominently display images, diagrams, and technical guides that are, in fact, direct copies of Latham's original works. Pools Premium even goes so far as to falsely claim exclusive or "signature" features—such as the "Diamond Flake" finish and specific fiberglass color offerings—that are actually protected by Latham's patent. Pools Premium goes on to describe how the fiberglass color it copied from Latham and claims as its own "*is designed to stand out, offering a sleek and luxurious aesthetic that is highly attractive to potential customers . . . [w]hether it's reflecting sunlight or the twinkling of pool lights at night, the Diamond Finish creates an ambiance of sophistication and elegance, making these pools a desirable feature for homeowners looking to invest in luxury outdoor space*." *See* **Exhibit Q**.

49.    Through these repeated and emphatic representations, examples of which are emphasized in bold and italics in the foregoing paragraphs, Pools Premium seeks to portray itself as a pioneering force in the pool industry—when, in truth, it is not the source of the innovation, artistry, or technical excellence it so loudly proclaims but is rather a mere copier of Latham, the true innovator. These statements and imagery, taken together and individually, convey the false claim that Pools Premium is an innovator in the design and manufacture of fiberglass pools, and constitute the "Innovator Claims." The remaining language quoted in the foregoing paragraphs, but not emphasized in bold and italics, constitute additional context enhancing the falsity of the Innovator Claims.

50.     Pools Premium's advertising further misleads pool distributors and homeowners by asserting that Pools Premium offers "***superior finishes and unmatched guarantee***," and that it has the "***longest and strongest warranty in the industry***" ("Warranty Claims") *See* **Exhibits R-S**. Not so—Latham, among several other competitors, offers lifetime warranties on its pools.

51.     Ultimately, and despite proclaiming itself to be an innovator and industry leader in fiberglass pool design and manufacturing, Pools Premium's true marketing strategy is built on duplicity and contradiction. While touting its pools as "innovative" and "high-quality," Pools Premium simultaneously pitches these same pools to distributors as being equivalent to Latham's—yet offered at "a fraction of the price" ("Pricing Claim"). A "fraction of the price" is a common idiom understood by reasonable consumers—including pool distributors—to mean an enormous, or very substantial, discount. Yet, none of Pools Premium's pool units remotely approach such savings as compared to the Latham pools that Pools Premium is copying. Through its false claims, Pools Premium exposes the hollowness of its purported innovation, seeking to ride on the coattails of Latham's reputation and designs while misleading customers with empty boasts of originality. Pools Premium's approach is calculated to deceive the marketplace while simultaneously diverting sales from Latham through misrepresentation and imitation.

52.     By pitching its pools as being equivalent to Latham's, yet offered at "a fraction of the price," Pools Premium deliberately seeks to irreparably harm Latham's market position and erode the price of Latham's innovative pools.

53.     Pools Premium's campaign of false advertising is not merely puffery or harmless exaggeration—it is a deliberate scheme to deceive the marketplace and divert sales from Latham through misrepresentation and confusion. By appropriating Latham's unique pool designs, patented pool and spa surface, copyrighted images, registered trademark, installation guides, and

marketing collateral, Pools Premium misleads pool distributors and homeowners into believing

they are purchasing the equivalent of genuine Latham pools. Pools Premium's repeated claims of

innovation, originality, superior pricing, and superior warranties are literally false or false by

necessary implication. Pools Premium did not design its pools and instead relies on the theft of

Latham's innovations and intellectual property to market its pools.

54.    Pools Premium's behavior is classic unfair competition. Latham has been

repeatedly recognized with numerous awards celebrating its exceptional quality and innovative

offerings. It has heavily invested in unique and compelling marketing tools, and made countless

appearances at industry shows and investor conferences to promote its pools. Upon information

and belief, none of these things are true of Pools Premium. Pools Premium could have put in the

work to develop its own offerings and reputation. It did not. Instead, Pools Premium chose to

compete unfairly: it copied Latham's pool designs, Latham's marketing materials, even Latham's

reputation as an industry-leader and innovator.

55.    This conduct constitutes false advertising and unfair competition under the

Lanham Act and Texas state law, entitling Latham to significant remedies, including injunctive

relief, corrective advertising, and up to three times Pools Premium's profits derived from its

unlawful activities.

### 3) *Pools Premium's Patent Infringement*

56.    Pools Premium's unlawful behavior is not limited to misrepresentations in

advertising—it extends to the infringing use of Latham's patented pool surface. Pools Premium

markets and sells pools that embody the very surface appearance protected by the Asserted

Patent. Moreover, Pools Premium's advertisement, again, copies Latham's marketing materials

and images, extracting portions of Latham's advertisements related to its "Ocean Blue" Crystite

Crystal finish, which Pools Premium makes as its own "Ocean Blue" fiberglass surface offering:



| Latham's U.S. Patent No. D1,044,036 (Exhibit E) | Latham's Exclusive "Ocean Blue" Crystite Crystal Finish (Exhibit P at 33) |
|---|---|

| Pools Premium's Premium "Ocean Blue" Fiberglass (Exhibit U at 10) |
|---|

57.    There is no question of Pools Premium's infringement of the Asserted Patent, as its fiberglass surface offering is a direct copy of Latham's patented design (shown above). Pools Premium's fiberglass surface infringes the 'D036 Patent because the overall appearance of Pools Premium's "Ocean Blue" fiberglass pool surface and the claimed design of the 'D036 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the claimed design of the 'D036 Patent and Pools Premium's "Ocean Blue" fiberglass surface to be substantially the same.

58.    In addition, Latham has additional pending patents directed to other pool surfaces,

including fiberglass surfaces, which Pools Premium is offering.

59.    Pools Premium was clearly aware of Latham's fiberglass pool surface offerings, which are marked as "patent-pending," as its advertisements were directly copied from Latham's marketing materials. **Exhibit V** at 202 and **Exhibit W** at 25.[5] Moreover, Latham put Pools Premium on notice of its patent rights in various pool and spa surfaces in its September 26, 2023 letter. **Exhibit I**. Despite being put on notice of Latham's patent rights, Pools Premium has continued its infringement, leaving Latham no choice but to seek all remedies available under the Patent Act, including an accounting of Pools Premium's total profits, treble damages for willful infringement, and attorneys' fees.

60.    Latham has invested millions of dollars and years of expertise into research and design ("R&D"), resulting in cutting-edge, patented designs that are at the heart of its flagship pools. Pools Premium, a direct competitor in the pool industry, now seeks to reap where it has not sown—blatantly infringing Latham's patents and threatening the very products that define Latham's market leadership. By copying Latham's patented designs, Pools Premium forces Latham to compete against its own design, but at artificially low prices only achievable because Pools Premium was able to skip the substantial R&D investments by Latham that made these advances possible. Through these infringing activities and pricing, Pools Premium not only evades the expenses and risks of true innovation but also undermines the value of Latham's ongoing investments—efforts specifically designed to cultivate demand for genuine, innovative pool designs. Pools Premium's misconduct erodes Latham's hard-earned reputation, distorts fair competition, and threatens to chill the very innovation that drives the industry forward.

---

[5] A true and correct copy of the "2023 Latham Product Catalog" is attached as **Exhibit V**. A true and correct copy of the "Latham Grand: Fiberglass Pools" is attached as **Exhibit W**.

### 4) *Pools Premium's Copyright Infringement*

61.    Pools Premium's willful copyright infringement and unauthorized use of Latham's copyrighted illustrations constitutes blatant and repeated violations of the Copyright Act. Pools Premium's conduct is egregious and ongoing, and its entire sales pitch and product offerings stand on the stolen foundation of Latham's intellectual property and commercial goodwill.

### a.  *Latham's Copyrighted Works*

62.    Latham owns copyrights in numerous original works of authorship which Pools Premium has copied, displayed, and/or distributed to advance its own business interests in competition with Latham.

63.    For example, Latham is the registered owner of copyrighted images of Latham pool designs, including images of Latham's Aruba, Gulf Shore, Laguna, Laguna Deluxe, Shasta, and Valencia pools (collectively referred to hereafter as "Pool Illustrations"). The registrations for these Pool Illustrations include Copyright Nos. VA0002452643 (Aruba Pool Illustration), VA0002456017 (Gulf Shore Pool Illustration), VA0002456014 (Laguna Pool Illustration), VA0002452645 (Laguna Deluxe Pool Illustration), VA0002452008 (Shasta Pool Illustration), and VA0002456015 (Valencia Pool Illustration). True and correct copies of each of these registrations are attached as **Exhibit X**. These registrations are valid, subsisting, and in full force and effect.

64.    The Pool Illustrations covered by Copyright Nos. VA0002452643, VA0002456017, VA0002456014, VA0002452645, VA0002452008, and VA0002456015 are original, creative works of authorship. Latham is the owner of all rights, title, and interest in the Pool Illustrations and has, at all relevant times, held exclusive rights to reproduce, distribute, display, and make derivative works of the Pool Illustrations that are subject of Copyright Nos.

VA0002452643, VA0002456017, VA0002456014, VA0002452645, VA0002452008, and VA0002456015.

65.     Latham also owns United States copyright registrations in copyrighted images of Latham pool line designs, including line images of Latham's Aruba, Gulf Shore, Laguna Deluxe, Olympia 12, Shasta, and Valencia pools (collectively referred to hereafter as "Pool Line Illustrations"). The registrations for these Pool Line Illustrations include Copyright Nos. VA0002458585 (Aruba Pool Line Illustration), VA0002458584 (Gulf Shore Pool Line Illustration), VA0002458582 (Laguna Deluxe Pool Line Illustration), VA0002458580 (Olympia 12 Pool Line Illustration), VA0002458581 (Shasta Pool Line Illustration), and VA0002458588 (Valencia Pool Line Illustration). True and correct copies of each of these registrations are attached as **Exhibit Y**. These registrations are valid, subsisting, and in full force and effect.

66.     The Pool Line Illustrations covered by U.S. Copyright Nos. VA0002458585, VA0002458584, VA0002458582, VA0002458580, VA0002458581, and VA0002458588 are also original, creative works of authorship. Latham is the owner of all rights, title, and interest in the Pool Line Illustrations and has, at all relevant times, held exclusive rights to reproduce, distribute, display, and make derivative works of the Pool Line Illustrations.

67.     Latham also owns U.S. Copyright No. VA0002457197. A true and correct copy is attached as **Exhibit FF**. This registration is valid, subsisting, and in full force and effect. Latham's "Advanced Composite" flyer ("Latham Cross-Sectional Image") is an original, creative work of authorship. Latham is the owner of all rights, title, and interest in the Latham Cross-Sectional Image, and has, at all relevant times, held exclusive rights to reproduce, distribute, display, and make derivative works of the Latham Cross-Sectional Image that is the subject of Copyright No. VA0002457197.

68.     Latham also owns United States Copyright No. VA0002451386. A true and correct copy is attached as **Exhibit Z**. This registration is valid, subsisting, and in full force and effect. The Bermuda (AL) Installation Guide covered by Copyright No. VA0002451386 is an original, creative work of authorship. Latham is the owner of all rights, title, and interest in the Bermuda (AL) Installation Guide, and has, at all relevant times, held exclusive rights to reproduce, distribute, display, and make derivative works of the Bermuda (AL) Installation Guide that is the subject of Copyright No. VA0002451386.

### b.  *Pools Premium's Numerous Acts of Copyright Infringement*

69.     Pools Premium did previously and continues to reproduce, distribute, and display images on its website that are at least substantially similar to Latham's Pool Illustrations. Indeed, and as detailed in paragraph 35 above and shown in the table below, Pools Premium copied, distributed, and displayed images that were indistinguishable from at least six of Latham's Pool Illustrations protected by Copyright Nos. VA0002452643, VA0002456017, VA0002456014, VA0002452645, VA0002452008, and VA0002456015. Despite Latham's explicit demand in its September 26, 2023 letter that Pools Premium immediately cease its unauthorized copying and use of Latham's designs and copyright-protected Pool Illustrations, Pools Premium did not stop its infringing activity.

| Latham<br>**Exhibit F** at 2, 6, 11, 15, 20, and 25 | Pools Premium<br>**Exhibit G** at 2 |
|---|---|
| <br>Laguna Deluxe | <br>EMPIRE |

| Latham<br>**Exhibit F** at 2, 6, 11, 15, 20, and 25 | Pools Premium<br>**Exhibit G** at 2 |
|---|---|



70. Further evidencing a pattern of deliberate imitation is Pools Premium's product brochure and website, which features line drawings of pool designs that infringe the copyright rights in those developed and used by Latham, i.e., the Pool Line Illustrations protected by Copyright Nos. VA0002458585, VA0002458584, VA0002458582, VA0002458580, VA0002458581, and VA0002458588. Indeed, Pools Premium appears only to have inverted the depiction of Latham's copyrighted designs upside down, or left to right, without making any other material changes. Representative examples are shown in the table below.

| Latham<br>Exhibit AA at 11, 13-16 | Pools Premium |
|---|---|
| <br>14' x 30'<br>**Laguna Deluxe**<br>Depth: 4' to 6' | <br>Empire<br>Size 14' x 30'<br>Depth 4' to 6'<br>**Exhibit U** at 6 |
| <br>15'-7" x 34'-8"<br>**Gulf Shore**<br>Depth: 3'-7" to 5'-10" | <br>Bahamas<br>Size 14' x 30'<br>Depth 3'7" to 5'11"<br>**Exhibit U** at 6 |



| Latham | Pools Premium |
|---|---|
| **Exhibit AA** at 11, 13-16 | |
| 11' x 22'<br>**Aruba**<br>Depth: 3'-6" to 5' | Size 11' x 22'<br>Depth 3'6" to 5'<br>**Exhibit O** at 6 |
| 14'-4" x 27'-7"<br>**Valencia**<br>Depth: 3'-7" to 5'-10" | **Boracay**<br>Size 14'6" x 28'<br>Depth 3'7" to 5'10"<br>**Exhibit U** at 7 |
| 12' x 26'<br>**Olympia 12**<br>Depth: 3'-6" to 5'-8" | Size: 12' x 26<br>Depth: 3'6" to 5'6"<br>**Exhibit BB**[6] at 2-3 |

---

[6] A true and correct copy of https://poolspremium.com/fiberglass-pools/#sanibel-Island-12 is attached as **Exhibit BB**.



True and correct copies of Latham's Pool Line Illustrations are attached as **Exhibit AA**.

71.    Moreover, as described in paragraph 36 above, Pools Premium also advertised its products using a fiberglass pool cross-sectional (top right image below) that looks *virtually identical* to the copyrighted Latham Cross-Sectional Image as displayed in Latham's "Advanced Composite" flyer (shown in the bottom left below) combined with the text from Latham's 2023 Viking Catalog (top left below).





**Exhibit V** at 196

A true and correct copy of the 2023 Viking Catalog, in which the top left images appears in, is attached as **Exhibit CC**. A true and correct copy of Latham's "Advanced Composite" flyer, in which the bottom left image appears in, is attached as **Exhibit V**.

72.    Beyond directly copying Latham's designs and copyright protected advertising materials, Pools Premium also trades on Latham's engineering experience by blatantly copying Latham's technical diagrams and installation guides—some bearing *Latham's mold codes and proprietary engineering notations*, seeking to pass those off as its own. Below is an excerpt from page 11 (**Exhibit DD** at 12) of Latham's installation guide for its copyrighted Bermuda (AL) Installation Guide, including <u>*Latham's*</u> *mold codes and proprietary engineering notations*:



| POOL | CODE | SIZE - WIDTH x LENGTH | DEPTHS - SHALLOW, DEEP | GALLONS APPROX. | WATER SURFACE AREA (SF) | PERIMETER - LINEAR FEET | LINEAR FEET - STEPS | LINEAR FEET - SEATS | WEIGHT |
|---|---|---|---|---|---|---|---|---|---|
| Bermuda | AL | 12' x 26' | 3'-6" , 5'-6" | 7,000 | 226 | 63 | 29 | 23 | 1,838 |

A true and correct copy of Latham's Bermuda (AL) Installation Guide is reproduced in **Exhibit DD**.

73.    Pools Premium brazenly does the same thing on its website (https://poolspremium.com/technology-engineering/), displaying the same infringing technical diagram for Latham's Bermuda pool with Latham's mold codes and engineering notations, and even a reference to the product as being ***Latham's*** "BERMUDA" pool:



**Exhibit T** at 5.

74.     Pools Premium's flagrant, ongoing use of Latham's copyright protected marketing materials, including Latham's Pool Illustrations (various views), Pool Line Illustrations, Cross-Sectional Image, and Bermuda (AL) Installation Guide constitute blatant and repeated violations of the Copyright Act. These duplications of Latham's marketing materials further constitute expressly false claims that the Latham pools depicted therein are actually Pools Premium's ("Illustration Claims").

75.     Pools Premium's repeated copying and use of Latham's copyrighted works—often verbatim—plainly confirms that Pools Premium had access to Latham's copyrighted works and engaged in a willful pattern of copying, displaying, and distributing Latham's designs and/or derivative works thereof. Like Pools Premium's continued infringements of Latham's patent

rights, Pools Premium's continued infringements of Latham's copyright rights leaves Latham no choice but to seek all remedies available under the Copyright Act, including Pools Premium's profits related to its pool and spa sales that are attributable to Pools Premium's copying of Latham's marketing materials, including its designs, images, and installation guides.

### COUNT ONE
### False Advertising Under the Lanham Act
### (15 U.S.C. § 1125(a))

76.    Latham repeats and re-alleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

77.    Pools Premium has, in interstate commerce, knowingly, willfully, intentionally, and maliciously made false descriptions of fact, or misrepresentations of fact, concerning the nature, characteristics, and qualities of its pools.

78.    As set forth above, Pools Premium's advertisements falsely, or by necessary implication, convey the messages that:

    a.    Latham's marketing images of its installed pools, pools, and colors are actually Pools Premium's pools (i.e., Image Claims);

    b.    The pools depicted in Latham's marketing images and copied by Pools Premium actually depict Pools Premium pools (i.e., Illustration Claims);

    c.    It is an innovator and leader in the design and manufacturer of fiberglass pools and offers exclusive or "signature" features—such as the "Diamond Flake" finish and specific fiberglass colors that are "synonymous with high-end craftsmanship, advanced technology, and attention to detail" (i.e., Innovator Claims);

    d.    It offers pools equivalent to Latham's at "a fraction of the price" (i.e., Price Claim); and

     e.   It offers "superior finishes and unmatched guarantee" and provides the "longest and strongest warranty in the industry" (i.e., Warranty Claims).

79.    The Image, Illustration, Innovator, Price, and Warranty Claims in Pools Premium's advertisements are literally false or false by necessary implication.

80.    The Image, Illustration, Innovator, Price, and Warranty Claims in Pools Premium's advertisements concern matters of primary and material importance to pool distributors and homeowners: an innovative pool company claiming to offer pools equivalent to Latham's fiberglass pools with exclusive or "signature" features, "superior finishes," an "unmatched guarantee" at "a fraction of the price" with the "longest and strongest warranty in the industry."

81.    Pools Premium's Image, Illustration, Innovator, Price, and Warranty Claims have the capacity to deceive a substantial portion of Latham's actual and potential distributors and customers and, upon information and belief, these statements have actually deceived distributors and customers.

82.    Pools Premium's Image, Illustration, Innovator, Price, and Warranty Claims threaten irreparable and ongoing harm to Latham.

83.    By reason of the foregoing, Pools Premium's conduct constitutes false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

84.    Latham has suffered injury caused by Pools Premium's conduct, including through the diversion of potential sales and harm to Latham's reputation.

85.    Pools Premium's conduct also is causing irreparable injury to Latham and will continue to damage Latham and to deceive the public unless enjoined by this Court.

86.    Latham has no adequate remedy at law.

87.     Pools Premium is thus entitled to permanent injunctive relief and to recover Pools Premium's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

**COUNT TWO**
**Unfair Competition Under the Lanham Act**
**(15 U.S.C. § 1125(a))**

88.     Latham repeats and re-alleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

89.     Pools Premium has marketed and continues to market itself as an innovative pool company that offers pools equivalent or identical to Latham's fiberglass pools with exclusive or "signature" features, "superior finishes," an "unmatched guarantee" at "a fraction of the price" with the "longest and strongest warranty in the industry." In support of this marketing, Pools Premium has used identical copies of Latham marketing materials, including product illustrations and installed pool images. In doing so, Defendant has deceived, misled, and confused actual and potential Latham distributors and customers.

90.     Pools Premium's false and misleading marketing is likely to cause and has caused confusion, mistake, or deception about the nature, characteristics, and qualities of its pools in comparison to Latham's fiberglass pools.

91.     Pools Premium knows, or in the exercise of reasonable discretion should know, that its marketing deceives actual and potential Latham distributors and customers about the nature, characteristics, and qualities of Pools Premium's pools in comparison with equivalently described fiberglass pools marketed and sold by Latham.

92.     Pools Premium's conduct amounts to deception, trickery, and/or unfair methods and has damaged Latham's business. As a result of such malicious, wanton, and/or fraudulent conduct, Pools Premium has caused, and unless enjoined by this Court, will continue to cause,

consumer confusion as to the nature, characteristics, and qualities of Pools Premium's pools in comparison with equivalently described pools marketed and sold by Latham.

93.     By reason of the foregoing, Pools Premium's conduct constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

94.     Latham has suffered injury, damage to its business, reputation, and goodwill caused by Pools Premium's conduct. Pursuant to 15 U.S.C. § 1117, Latham is entitled to damages for Pools Premium's Lanham Act violations, an accounting of profits made by Pools Premium on sales of the falsely marketed pools, and recovery of Latham's costs for this action.

95.     Pools Premium's acts are willful, wanton, and calculated to deceive, and are undertaken in bad faith, making this an exceptional case entitling Latham to recover additional damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

96.     Unless enjoined by this Court, Pools Premium's acts will irreparably injure Latham's goodwill and erode its market share. Pursuant to 15 U.S.C. § 1116, Latham is entitled to permanent injunctive relief to prevent Pools Premium's continuing acts.

### COUNT THREE
### Patent Infringement of D1,044,036 ("'D036 Patent")
### (35 U.S.C. § 271)

97.     Latham repeats and re-alleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

98.     Latham owns all rights, title, and interest in the 'D036 Patent.

99.     Pools Premium, without authorization from Latham, made, used, offered for sale, sold, and/or imported into the United States, and continues to make, use, offer for sale, sell, and/or import into the United States pools and spas having a surface (advertised as Pools Premium's Ocean Blue fiberglass surface, hereinafter the "Accused Product") that embodies the design covered by the 'D036 Patent.

100.    By the foregoing acts, Pools Premium has infringed the 'D036 Patent literally or under the doctrine of equivalents in violation of 35 U.S.C. § 271, *et seq.*

101.    Latham has indicated in marketing collateral that its Ocean Blue Crystite Crystal G3 fiberglass surface was covered by a pending patent. Pools Premiums has indirectly infringed and/or continues to indirectly infringe—both through induced and contributory infringement—the Asserted Patent. Pools Premium has and/or previously had knowledge of the Asserted Patent and knows and/or knew that the Accused Product practices the Asserted Patent. Thus, Pools Premium additionally knows and/or knew that the Accused Product infringes, and that their customers use (or resale) of the Accused Product likewise infringe. Pools Premium possessed a specific intent to encourage this infringement through their advertising of the Accused Product. Pools Premium additionally continues to sell and/or has sold the Accused Product knowing it had no substantial non-infringing uses. Accordingly, Pools Premium is liable for induced and contributory infringement of the 'D036 Patent.

102.    On information and belief, Pools Premium's infringement has caused Latham to suffer damages, and as such, Latham is entitled to damages pursuant to 35 U.S.C. §§ 284 and 289.

103.    On information and belief, this is an exceptional case in view of Pools Premium's unlawful activities, including Pools Premium's intentional, willful, and malicious infringement.

104.    Latham has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

105.    Pools Premium also has caused, is causing, and will continue to cause irreparable harm to Latham for which there is no adequate remedy at law and for which Latham is entitled to

injunctive relief under at least 35 U.S.C. § 283.

## COUNT FOUR
### Copyright Infringement
### (17 U.S.C. § 501 *et seq.*)

106.    Latham repeats and re-alleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

107.    Latham's Pool Illustrations, Pool Line Illustrations, Latham Cross-Sectional Image, and Bermuda (AL) Installation Guide ("Latham's Copyrighted Works") are original works that have been fixed in a tangible medium of expression and constitute copyrightable subject matter within the meaning of Section 102 of the Copyright Act, 17 U.S.C. § 102.

108.    Latham owns valid and subsisting copyright registrations issued by the United States Copyright Office for Latham's Copyrighted Works, including VA0002452643, VA0002456017, VA0002456014, VA0002452645, VA0002452008, VA0002456015, VA0002458585, VA0002458584, VA0002458582, VA0002458580, VA0002458581, VA0002458588, VA0002457197, and VA0002451386. True and correct copies of its certificates of registration are attached as **Exhibits X-Z** and **FF**.

109.    Under the Copyright Act, a copyright owner enjoys the exclusive rights, among others, to reproduce in copies its copyrighted works, to distribute copies to the public of its copyrighted works, to publicly perform its copyrighted works, to publicly display its copyrighted works, and to make derivative works based upon its copyrighted works.

110.    Pools Premium had access to, and systematically copied, distributed, displayed, and/or created derivative works of Latham's Copyrighted Works.

111.    Latham has not granted any license, permission, or otherwise authorized Pools Premium's reproduction, distribution, display, and/or creation of derivative works of Latham's Copyrighted Works.

112.    By creating, posting, and monetizing the unauthorized infringing works, Pools Premium has engaged in the unauthorized copying, distribution, and public display of Latham's Copyrighted Works.

113.    Pools Premium's infringement of Latham's Copyrighted Works was, is, and continues to be, intentional, willful, and in conscious disregard of Latham's rights.

114.    Latham is informed and believes, and on that basis alleges that Pools Premium has monetized, will continue to monetize, and has realized profits by virtue of its infringement of Latham's Copyrighted Works, including within the state of Texas.

115.    Latham has sustained economic damage as a result of Pools Premium's infringement of Latham's Copyrighted Works in an amount to be proven at trial.

116.    Latham is entitled to the actual damages it has suffered and/or any profits gained by Pools Premium that are attributable to Pools Premium's acts of copyright infringement pursuant to 17 U.S.C. § 504(b).

117.    As a result of Pools Premium's blatant and willful copyright infringement, Latham has been, and is being, irreparably harmed. Unless restrained by the Court, Pools Premium will continue to engage in copyright infringement.

118.    Pursuant to 17 U.S.C. § 502, Latham is entitled to an injunction against Pools Premium's continuing reproduction, distribution, and display of Latham's Copyrighted Works, including the creation, distribution, and display of derivative works of Latham's Copyrighted Works.

119.    Accordingly, the Court should grant injunctive relief barring Pools Premium from copying Latham's Works, including creation, display, and distribution of derivative works thereof, as well as an award of damages along with any other relief that the Court deems just,

proper, and equitable.

## COUNT FIVE
### Unfair Competition by Misappropriation
### in Violation of Texas Common Law

120.    Latham repeats and re-alleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

121.    Latham expended significant resources in creating its brand, pools, and marketing materials, including by investing millions of dollars and hundreds of employee hours.

122.    Pools Premium, by its acts described herein, has used Latham's intellectual property, taking advantage of the extensive time, labor, skill, and money Latham invested in creating its brand, pools, and marketing materials, with Pools Premium bearing little or no expense itself.

123.    Pools Premium's acts have caused commercial damage to Latham and constitute unfair competition by misappropriation in violation of Texas common law.

124.    Pools Premium's acts greatly and irreparably damage Latham and will continue to do damage Latham unless restrained by this Court; wherefore, Latham is without an adequate remedy at law. Accordingly, Latham is entitled to, among other things, an order enjoining and restraining Pools Premium from selling in Texas any pools, as well as to Pools Premium's profits, Latham's reasonable attorneys' fees, punitive damages, and any other remedies provided under Texas law.

## COUNT SIX
### Unjust Enrichment
### in Violation of Texas Common Law

125.    Latham repeats and re-alleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

126.    Pools Premium's advertisements, promotions, offers to sell, sales, distribution,

and/or manufacture, of its pools, in direct competition with Latham, constitute unjust enrichment, at least because Pools Premium has wrongfully obtained benefits at Latham's expense. Pools Premium has also, *inter alia*, operated with an undue advantage.

127.    Latham created its pools and related marketing materials, and built its brand, through extensive expenditure of time, labor, effort, skill, and financial resources. Pools Premium has wrongfully used and is wrongfully using Latham's intellectual property, in direct competition with Latham, and has gained and is gaining a wrongful benefit by undue advantage through such use, while claiming Latham's innovations as its own. Pools Premium has not been burdened with the expenses incurred by Latham, yet Pools Premium is obtaining the resulting benefits for its own business and products.

128.    Pools Premium's use of Latham's intellectual property thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to Latham for which Latham has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Latham and its pools. Latham accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment. Pools Premium has wrongfully obtained and is wrongfully obtaining a benefit at Latham's expense by taking undue advantage and free-riding on Latham's efforts and investments, and enjoying the benefits of Latham's hard-earned goodwill and reputation.

129.    Pools Premium's unjust enrichment at Latham's expense has been intentional, willful, and malicious. Pools Premium's bad faith is evidenced at least by Pools Premium's knowledge of Latham, its pools, and Latham's rights; the similarity of Pools Premium's pools and marketing materials to Latham's, and by Pools Premium's continuing disregard for Latham's rights. Latham is entitled to injunctive relief, and Latham is also entitled to recover at least Pools

Premium's profits.

## DEMAND FOR JURY TRIAL

130.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Latham

respectfully requests a trial by jury on all issues triable by right to a jury.

## PRAYER FOR RELIEF

Latham respectfully requests that the Court find in its favor and against Pools Premium,

and that the Court grant Latham the following relief:

1.    Grant judgment in favor of Latham and against Pools Premium on all of Latham's

claims, including that Pools Premium has (i) engaged in false advertising and unfair competition

in violation of 15 U.S.C. § 1125(a); (ii) engaged in common law unfair competition; (iii)

engaged in common law misappropriation; (iv) been unjustly enriched at Latham's expense; (v)

infringed the 'D036 Patent in violation of 35 U.S.C. § 271; and (vi) infringed Latham's

Copyrighted Works in violation of 17 U.S.C. § 501, and that all of these wrongful activities by

Pools Premium were willful;

2.    A permanent injunction enjoining Pools Premium and any employees, agents,

servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities

owned or controlled by Pools Premium, and all those in active concert and participation with

Pools Premium, and each of them who receives notice directly or otherwise of such injunction,

from:

　　　a.   copying, distributing, displaying, disseminating, publishing, or republishing

　　　　　Latham's Copyrighted Works, derivative work of Latham's Copyrighted Works,

　　　　　and/or works substantially similar to Latham's Copyrighted Works;

　　　b.   offering, advertising, or promoting any product or service making false or

　　　　　misleading representations or descriptions of fact, in any medium, regarding Pools

Premium's products, including falsely or misleadingly claiming, either literally or by necessary implication, that:

    i. Latham's marketing images of its installed pools, pools, and colors are actually Pools Premium's pools;

    ii. The pools depicted in Latham's marketing images and copied by Pools Premium actually depict Pools Premium pools;

    iii. It is an innovator and leader in the design and manufacture of fiberglass pools and offers exclusive or "signature" features—such as the "Diamond Flake" finish and specific fiberglass colors that are "synonymous with high-end craftsmanship, advanced technology, and attention to detail";

    iv. It offers pools equivalent to Latham's at "a fraction of the price"; and

    v. It offers "superior finishes and unmatched guarantee" and provides the "longest and strongest warranty in the industry."

c. engaging in any other activity constituting false or misleading advertising or unfair competition with Latham;

d. engaging in further acts of unfair competition, misappropriation, and unjust enrichment; and

e. infringing Latham's Asserted Patent;

3. An Order directing the destruction of all infringing products and all advertising materials related to the infringing products in Pools Premium's possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

4. An Order directing Defendant to immediately and publicly issue corrective advertising to cure the confusion created in the marketplace by correcting its false or misleading

claims, either literally or by necessary implication, that:

      a.   Latham's marketing images of its installed pools, pools, and colors are actually Pools Premium's pools;

      b.   The pools depicted in Latham's marketing images and copied by Pools Premium actually depict Pools Premium pools;

      c.   It is an innovator and leader in the design and manufacture of fiberglass pools and offers exclusive or "signature" features—such as the "Diamond Flake" finish and specific fiberglass colors that are "synonymous with high-end craftsmanship, advanced technology, and attention to detail";

      d.   It offers pools equivalent to Latham's at "a fraction of the price"; and

      e.   It offers "superior finishes and unmatched guarantee" and provides the "longest and strongest warranty in the industry."

5.     An Order directing Pools Premium to file with the Court and serve upon Latham's counsel within thirty (30) days after entry of judgment a report in writing and under oath setting forth in detail the manner and form in which Pools Premium has complied with the above;

6.     An award of Pools Premium's profits, Latham's actual damages, enhanced damages, punitive damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorneys' fees pursuant to at least 15 U.S.C. §§ 1125(a), 1125(c), 1116, and 1117, and Tex. Bus. & Com. Code § 16.104;

7.     An award of Latham's actual damages suffered and/or any profits gained by Pools Premium that are attributable to Pools Premium's acts of copyright infringement pursuant to 17 U.S.C. § 504(b);

8.     An award of damages adequate to compensate Latham for Pools Premium's

patent infringements pursuant at least to 35 U.S.C. § 284, or the total profit made by Pools

Premium from its infringement of the 'D036 Patent pursuant to 35 U.S.C. § 289, increased

damages up to three times the amount found or asserted pursuant to 35 U.S.C. § 284 a

determination that this action is an exceptional case pursuant to 35 U.S.C. § 285; and an award of

Latham's attorneys' fees and costs, and expenses incurred in bringing and prosecuting this

action; and

9.      A judgment and permanent injunction pursuant to 15 U.S.C. § 1116; and

10.     Such other and further relief as this Court deems just and proper.

Dated:  August 29, 2025                 */s/ Paige Arnette Amstutz*
                                        **SCOTT DOUGLASS MCCONNICO**
                                        Paige Arnette Amstutz (State Bar No. 00796136)
                                        303 Colorado Street, Suite 2400
                                        Austin, TX 78701
                                        (512) 495-6343
                                        pamstutz@scottdoug.com

                                        **KILPATRICK TOWNSEND & STOCKTON LLP**
                                        Mehrnaz Boroumand Smith (*pro hac vice* forthcoming)
                                        1302 El Camino Real Suite 175
                                        Menlo Park, CA 94025
                                        (415) 273-7559
                                        mboroumand@ktslaw.com

                                        Bryan Wolin (*pro hac vice* forthcoming)
                                        3 Times Square
                                        New York, NY 10036
                                        (212) 775-8735
                                        BWolin@ktslaw.com

                                        Russell A. Korn (*pro hac vice* forthcoming)
                                        Troy Viger (*pro hac vice* forthcoming)
                                        1100 Peachtree Street NE, Suite 2800
                                        Atlanta, Georgia 30309
                                        (404) 815-6500
                                        rkorn@ktslaw.com
                                        tviger@ktslaw.com

                                        *Attorneys for Latham Pool Products, Inc.*